# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-02074-NYW-KAS

JHESHUA JACKSON,

    Plaintiff,

v.

CREDIT CONTROL, LLC, and RICHARD G. SAFFER,

    Defendants.

---

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella ("Recommendation"), [Doc. 25], on the Motion to Dismiss ("Motion to Dismiss" or "Motion"), [Doc. 16], filed by Defendants Credit Control, LLC, and Richard G. Saffer.  Judge Starnella recommends that Defendants' Motion to Dismiss be denied as to Plaintiff Jheshua Jackson's 15 U.S.C. § 1692g Fair Debt Collection Practices Act claim against Credit Control, LLC, to the extent it is premised on written requests for validation, and granted as to all other claims.  [Doc. 25 at 12 (the "Recommendation")].  Credit Control, LLC, objects to Judge Starnella's recommendation that the Motion to Dismiss be denied in part (the "Objection").  [Doc. 27].  Plaintiff Jheshua Jackson has not objected to the Recommendation, and the time to do so has elapsed.  *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."); *cf.* [Doc. 28 (Plaintiff's Response to Court's Observations and Motions for Appointment of Counsel and Motion for 30 Day [sic] Extension to Obtain Counsel or to Amend Complaint, and Motion Requesting Alternative Dispute Resolution Pursuant to Local

Rule 16.6)].[1]

For the reasons below, the Court respectfully **OVERRULES** the Objection, and **ADOPTS** the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## BACKGROUND

Plaintiff Jheshua Jackson ("Plaintiff" or "Mr. Jackson") initiated this action in Arapahoe County Court, [Doc. 15], and Defendant Credit Control, LLC, ("Credit Control") and its CEO, Defendant Richard G. Saffer ("Mr. Saffer" and collectively, "Defendants") removed it to the United States District Court for the District of Colorado on August 15, 2023, on the basis of federal question jurisdiction. [Doc. 1]. In this action, Mr. Jackson challenges Defendants' attempts to collect on an alleged debt of $5,596.94 owed by Mr. Jackson.[2] [Doc. 15 at ¶¶ 9–15]. Mr. Jackson alleges that he does not owe money to Defendants, and argues that Defendants "failed to validate [their] claim as required by the Fair Debt Collection Practices Act" ("FDCPA") and have "made false or factual[ly] incorrect claims or statements to various credit reporting bureaus or services against [him] and misrepresented material facts about the disputed account" in violation of the Fair Credit Reporting Act ("FCRA"). [Doc. 15 at 5–6]. In addition to his FDCPA and FCRA claims, Plaintiff also appears to assert claims based on "[c]ontract law" and the Uniform Commercial Code ("U.C.C."). *See* [Doc. 15 at ¶ 9 (alleging that Defendants have violated, among other things, "Contract law" and "C.R.S. Title 4 (UCC)")]. As support for his FDCPA claim, Mr. Jackson

---

[1] This Court does not construe this filing as an Objection to the Magistrate Judge's Recommendation because it does not refer to the Recommendation or address any of Judge Starnella's substantive findings.

[2] The Court draws the following factual background from the Recommendation and Plaintiff's Complaint (the "Complaint"), [Doc. 15], and presumes the well-pleaded allegations in the Complaint are true for purposes of this Order.

2

alleges that, in response to Defendants' communications regarding collection, he made three requests for validation of the alleged debt—a verbal request on March 7, 2023, and two written requests on March 10, 2023, and March 20, 2023, respectively—but did not receive proper validation from Defendants. [Doc. 15 at 5; Doc. 25 at 2].

Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 16]. As pertinent here, Defendants assert that they provided a sufficient response to a written request for validation sent by Mr. Jackson on March 10, 2023, [Doc. 16 at ¶ 2; Doc. 16-5 at 3–5], and have attached a copy of their validation response letter to their Motion as proof, [Doc. 16-5]. This Court referred the Motion to Dismiss to Judge Starnella pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). [Doc. 18]. Mr. Jackson filed a Response (the "Response"), [Doc. 21], and Defendants replied (the "Reply"), [Doc. 22].

Judge Starnella recommends that Defendants' Motion be granted in part and denied in part. [Doc. 25]. First, Judge Starnella would dismiss all claims against Mr. Saffer without prejudice, given that, beyond naming him as a defendant, Plaintiff does not further mention Mr. Saffer or allege any actions taken by Mr. Saffer, either in his Complaint or in response to the Motion to Dismiss. [*Id.* at 5–6]. Next, observing that the Complaint lacks clarity as to whether Plaintiff intends to assert separate breach of contract or U.C.C. claims against Credit Control, and, if so, what allegations support those claims, Judge Starnella recommends that any such claims be dismissed without prejudice. [*Id.* at 6–7]. As to Plaintiff's FCRA claim, Judge Starnella concludes that because Mr. Jackson does not allege that a Credit Reporting Agency ("CRA") had notified Credit Control of a dispute, he cannot state a claim for a FCRA violation. [*Id.* at 7–9 (recommending that Plaintiff's FCRA claim be dismissed without prejudice) (citing *Willis v.*

3

*Capital One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015) ("[A] furnisher's duty to investigate [a dispute] arises only after a CRA notifies the furnisher of a dispute and, conversely, does not arise when notice is provided directly from a consumer." (cleaned up)))].

Turning to Plaintiff's FDCPA claim against Credit Control, Judge Starnella notes that although Plaintiff has asserted violations of various sections of the FDCPA, namely 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692g, the allegations in his complaint are only directed towards § 1692g, [*id.* at 10], which provides that if a consumer "notifies [a] debt collector in writing . . . that the debt . . . is disputed, . . . the debt collector shall cease collection . . . until [he] obtains verification of the debt . . . , and [mails] a copy of such verification . . . to the consumer," 15 U.S.C. § 1692g(b). Accordingly, she finds that the Complaint lacks clarity as to whether Plaintiff intends to assert violations of other sections of the FDCPA, and, if so, which allegations support such violations, and recommends that any such claims be dismissed without prejudice on that basis. [*Id.*]. And, because the verification requirement of § 1692g(b) is only triggered by a consumer's written notice of dispute, Judge Starnella recommends dismissal of Mr. Jackson's § 1692g claim with prejudice to the extent it is premised on his verbal request for validation of the debt. [Doc. 25 at 10–12 (citing *Robinson v. ACG Processing*, No. 17-cv-02725-MSK-STV, 2018 WL 4932025, at *7 (D. Colo. Oct. 11, 2018) (dismissing a § 1692g claim because a debt collector only has a duty to validate a debt upon written notice))].

That leaves Plaintiff's § 1692g claim against Credit Control to the extent that it is based on his alleged written requests for validation, which Judge Starnella finds is supported by sufficient factual allegations to survive the Motion to Dismiss. [*Id.* at 12]. Consistent with § 1692g(b)'s terms, Plaintiff has alleged that he "timely notified Defendants in writing of his request for validation of the debt, and that Defendants 'failed to validate' the debt in violation of the FDCPA."

4

[*Id.* (quoting [Doc. 15 at 5])]. And although Credit Control argues it complied with the statute's verification requirement, this contention, Judge Starnella observes, rests on the validation response letter Credit Control claims it mailed to Mr. Jackson on March 17, 2023, which she declined to consider because it is not referenced in Plaintiff's Complaint. [*Id.* at 4–5 (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy . . . to be considered on a motion to dismiss.")); *id.* at 12]. Under these circumstances, Judge Starnella finds, Credit Control has not shown that Mr. Jackson has failed to state a claim upon which relief can be granted. [*Id.* at 12]. Thus, Judge Starnella recommends that the Motion to Dismiss be denied to the extent that Credit Control seeks dismissal of the § 1962g FDCPA claim. [*Id.*].[3]

Credit Control[4] objects only to this last portion of Judge Starnella's Recommendation. [Doc. 27]. In its view, Judge Starnella should have considered the validation response letter that Defendants attached to their Motion to Dismiss, *see* [Doc. 16-5], which, Credit Control asserts, defeats Mr. Jackson's § 1692g claim. *See generally* [Doc. 27]. Plaintiff has not responded to

---

[3] Although Plaintiff mentions the Colorado Fair Debt Collection Practices Act in his Response to the Motion to Dismiss, he did not assert any claim based on the state statute in his Complaint and, therefore, Judge Starnella does not address any such claim in her Recommendation. [Doc. 25 at 9 n.5 (citing *Loma v. City & Cnty. of Denver*, No. 21-cv-02214-NYW-KLM, 2023 WL 2574377, at *7 n.7 (D. Colo. Mar. 20, 2023) (holding that a plaintiff may not use his response to amend the causes of action asserted in the operative complaint))]. This Court concurs that the Complaint cannot be fairly read to include such a claim. *See generally* [Doc. 15].

[4] Although both Defendants purport to object to Judge Starnella's Recommendation, *see, e.g.*, [Doc. 27 at 1–2, 8], this part of the Recommendation only pertains to Plaintiff's § 1692g claim against Credit Control.

Credit Control's Objection,[5] nor has he objected to the Recommendation.

## STANDARD OF REVIEW

This Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. Fed. R. Civ. P. 72(b)(3). An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). But "[i]n the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Additionally, the Court observes that because Plaintiff is proceeding pro se, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## ANALYSIS

According to Credit Control, Judge Starnella erred in not considering the validation response letter attached to the Motion to Dismiss, [Doc. 16-5], because the document is central to Plaintiff's § 1692g FDCPA claim, and its authenticity is not disputed. [Doc. 27]. In ignoring the letter, Credit Control argues, the Recommendation effectively allows Mr. Jackson's "deficient

---

[5] In its discretion, the Court addresses Credit Control's Objection without awaiting a response from Mr. Jackson. *See* D.C.COLO.LCivR 7.1(d).

claim" to "survive a motion to dismiss simply by not attaching a dipositive document upon which the plaintiff relied." [*Id.* at 6 (quoting *GFF Corp.*, 130 F.3d at 1385)].

But, as Judge Starnella found, Plaintiff *did not rely* on the validation response letter or otherwise reference it in his Complaint, and therefore the document cannot be considered without converting the Motion to Dismiss to one for summary judgment. *See* [Doc. 25 at 5 ("[T]he Court finds that it may not consider . . . the Validation Response Letter[] mailed to Plaintiff by Credit Control on March 17, 2023, because Plaintiff does not reference it in his Complaint." (citation omitted))]; *see also Brokers' Choice of Am., Inc. v. NBS Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) ("A district court may, however, consider documents *attached to or referenced in the complaint* if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (emphasis added) (internal quotation marks omitted) (citing *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002))); *GFF Corp.*, 130 F.3d at 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, *but the document is referred to in the complaint* and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy . . . to be considered on a motion to dismiss." (emphasis added)). Indeed, the Complaint "affirmatively states that 'Defendant failed to validate its claim,' and refers to no other written communication from [Credit Control] which could be construed to be [the validation response letter]." [Doc. 25 at 5]. Accordingly, this Court finds that Judge Starnella properly exercised her "broad discretion" in declining to consider the validation response letter because the letter was not referenced in Plaintiff's Complaint. *See Brokers' Choice*, 861 F.3d at 1104; *see also Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th

7

Cir. 1998).[6]  For the foregoing reasons, the Court respectfully **OVERRULES** Credit Control's Objection.

The Parties do not object to the balance of the Recommendation, in which Judge Starnella recommends that the remainder of Plaintiff's claims be dismissed.  *See* [Doc. 25].  The Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record,"[7] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment, and finds that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.  Consequently, the Court respectfully **ADOPTS** Judge Starnella's Recommendation in full.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)   Defendant's Objection to the Report and Recommendation [Doc. 27] is **OVERRULED**;

(2)   The Recommendation of United States Magistrate Judge Kathryn A. Starnella [Doc. 25] is **ADOPTED**;

---

[6] If, on a motion under Rule 12(b)(6), matters outside of the pleadings are presented, a court must generally treat the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. 12(d).  When converting a motion to dismiss to one for summary judgment, courts must give notice to the parties to avoid unfair surprise, unless the circumstances of the motions practice reflects that the parties were otherwise on notice.  *See, e.g.*, *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) ("When a district court [converts a motion to dismiss into one for summary judgment], it must provide the parties with notice so that all factual allegations may be met with countervailing evidence."); *Klover v. Antero Healthplans*, 64 F. Supp. 2d 1003, 1007 (D. Colo. 1999).  The conversion process, however, is not automatic.  Rather, the decision whether to convert a motion to dismiss to one for summary judgment is reserved to the court's discretion.  *See Humood v. City of Aurora*, No. 12-cv-02185-RM-CBS, 2014 WL 4345410, at *5 (D. Colo. Aug. 28, 2014) (Moore, J.) (adopting Magistrate Judge's Recommendation in its entirety).  Here, Judge Starnella was within her discretion to decline to give notice of conversion of the motion to one for summary judgment or recommend such conversion.

[7] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

8

(3) Defendants' Motion to Dismiss [Doc. 16] is **GRANTED in part and DENIED in part**;

(4) Plaintiff's claims against Defendant Richard G. Saffer are **DISMISSED without prejudice**;

(5) Plaintiff's claims against Defendant Credit Control, LLC—except for the 15 U.S.C. § 1692g FDCPA claim—are **DISMISSED without prejudice**;

(6) Plaintiff's 15 U.S.C. § 1692g FDCPA claim against Defendant Credit Control, LLC, is **DISMISSED with prejudice** only to the extent premised on his verbal validation request; and

(7) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

> Jheshua Jackson
> 4545 East Warren Avenue, #410
> Denver, CO 80222

DATED: November 15, 2023

BY THE COURT:

Nina Y. Wang
United States District Judge