IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02074-NYW-KAS

JHESHUA JACKSON,

    Plaintiff,

v.

CREDIT CONTROL, LLC,

    Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#54][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#71] in opposition to the Motion [#54], and Defendant filed a Reply [#75]. The Motion [#54] has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#56]. The Court has reviewed the briefs, the entire case file, and the applicable law. Based on the following, the Court **RECOMMENDS** that the Motion [#54] be **GRANTED**.

---

[1] [#54] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation. The Court refers to the page numbering found on the Court's CM/ECF docketing system when citing briefs and other documents.

[2] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Further, pro se litigants are subject to the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## I. Background

Plaintiff's only remaining claim in this litigation is based on an asserted violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, to the extent premised on Plaintiff's written requests for debt validation. *See Recommendation* [#25] at 12; *Order* [#31] at 4, 9.[3]

According to the undisputed summary judgment evidence,[4] on February 10, 2023, an account concerning an obligation owed by Plaintiff to Navy Federal Credit Union ("NFCU") was placed with Defendant. *Motion* [#54] at 2 ¶ 3; *Response* [#71] at 2 ¶ 1; *see also Def.'s Ex. B, Initial Notice* [#54-2] at 2. On February 15, 2023, Defendant mailed its Initial Notice to Plaintiff, which included language informing Plaintiff of his right to seek validation of the debt. *Def.'s Ex. B, Initial Notice* [#54-2] at 2-3. On March 16, 2023,

---

[3] Thus, Plaintiff's potential references to other claims such as, for example, "negligence and damage to credit," "intentional misconduct and fraud," the Fair Credit Reporting Act, and "attempted extortion" are inappropriate, as these claims have not been made in the operative complaint or have been dismissed. *See Response* [#71] at 1, 4-7; *see generally Order* [#31]. The Court also notes that prior-defendant Richard G. Saffer has been dismissed from the case, and so the Court does not consider any potential claims raised here against him under the section "Liability of the CEO." *See Response* [#71] at 4; *Order* [#31] at 9.

[4] The Court notes that Plaintiff submitted no summary judgment evidence in connection with his Response [#71] to the Motion [#54], and his Statement of Facts is, for the most part, essentially a restatement of Defendant's Statement of Facts. *Response* [#71] at 2. Because Plaintiff "fail[ed] to properly address [Defendant's] assertion[s] of fact," the Court therefore "consider[s] the fact[s] undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see Hampton v. Barclays Bank Del.*, 478 F. Supp. 3d 1113, 1122 (D. Kan. 2020) (concluding that "because plaintiff has controverted none of defendants' facts, the court can consider those facts undisputed for purposes of summary judgment"), *aff'd*, No. 20-3175, 2021 WL 3237082 (10th Cir. July 30, 2021). Further, although Plaintiff states that he challenges the authenticity and completeness of the documents provided by Defendant in support of the Motion [#54], he provides no specific argument as to the documents; thus, the Court deems this argument to be waived. *See, e.g.*, *Cribari v. Allstate Fire & Cas. Ins. Co.*, 861 F. App'x 693, 708 (10th Cir. 2021) ("These arguments, raised before the district court in a perfunctory and undeveloped manner, parallel the kind of arguments we have refused consistently to take up in the past.") (citing *Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 741 (10th Cir. 2015) (noting that "minimal development of an issue in the district court could well result in forfeiture")).

Defendant received a Dispute and Request for Validation Letter (the "First Validation Letter") from Plaintiff. *Motion* [#54] at 2 ¶ 6; *Response* [#71] at 2 ¶ 4; *Def.'s Ex. C, First Validation Letter* [#54-3]. On March 17, 2023, Defendant mailed a Validation Response Letter (the "VOD Letter") to Plaintiff. *Def.'s Ex. E, VOD Letter* [#54-5] at 2. The VOD Letter included copies of the Consumer Loan Bill, detailing the breakdown of the obligation, as well as a copy of the Promissory Note, Security Agreement, and Disclosure document (the "Note"), which created the obligation. *Id.* at 6-14. The Note was signed by Plaintiff. *Id.* at 13. On April 11, 2023, Defendant received a second Dispute and Request for Validation Letter (the "Second Validation Letter") from Plaintiff. *Def.'s Ex. D, Second Validation Letter* [#54-4] at 2-5. Therein, Plaintiff acknowledged receiving the VOD Letter [#54-5]. *Id.* at 2 ("Thank you for your recent response to my request for validation.").

In the present Motion [#54], Defendant seeks entry of summary judgment in its favor on the sole remaining claim.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

In determining whether summary judgment is appropriate, the Court resolves factual disputes and draws reasonable inferences in favor of the nonmovant. *Chase Mfg.,*

3

*Inc. v. Johns Manville Corp.*, 79 F.4th 1185, 1195 (10th Cir. 2023). However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted) (emphasis in original). An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party, and a fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *Anderson*, 477 U.S. at 248, 256. When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Only documents that meet the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment. Rule 56(c) provides that:

4

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
>
> . . .
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(1)-(4).

### III. Analysis

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The statute "limits how debt collectors can pursue certain types of debt and creates a private right of action when they violate those limitations." *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 827 (10th Cir. 2022); 15 U.S.C. § 1692k.

An FDCPA claim consists of four elements: "(1) the plaintiff is a 'consumer' under . . . § 1692a(3); (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under . . . § 1692a(6); and (4) through its acts or omissions, the defendant violated the FDCPA." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022). Only the fourth element appears to be in dispute in the present Motion [#54].

5

The basis of Plaintiff's remaining claim is that he twice requested, in writing, a validation of his debt from Defendant. *See generally Compl.* [#15] at 5. The claim rests on Defendant's purported failure to validate his claim in a timely manner as required by the FDCPA. *Id.* 15 U.S.C. § 1692g(b) provides in relevant part: "If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . , and a copy of such verification . . . is mailed to the consumer by the debt collector." In short, "[b]y its plain terms, § 1692g(b) requires only that a debt collector cease collection efforts after a consumer makes a timely request for verification." *MTGLQ Invs., LP v. Wellington*, 856 F. App'x 146, 165 (10th Cir. 2021). Those efforts to collect the debt must only cease until the debt collector "verifies the debt in one of the ways enumerated by § 1692g(b)." *Sartori v. Susan C. Little & Assocs., P.A.*, 571 F. App'x 677, 681 (10th Cir. 2014).

However, the FDCPA "does not detail what information must be included in the verification." *Maynard v. Cannon*, 401 F. App'x 389, 396 (10th Cir. 2010). The Tenth Circuit Court of Appeals has held that § 1692(g) "is not intended to give a debtor a detailed accounting of debt to be collected." *Id.* Rather, "'[c]onsistent with the legislative history, verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Id.* (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir.1999) (internal punctuation and citation omitted)). In other words, all the debt collector is required to do to validate a debt is to "correctly identif[y] the original loan and the original lender[.]" *Id.* at 397.

Here, the undisputed summary judgment evidence demonstrates that Defendant received the First Validation Letter from Plaintiff on March 16, 2023. *Motion* [#54] at 2 ¶ 6; *Response* [#71] at 2 ¶ 4; *Def.'s Ex. C, First Validation Letter* [#54-3]. There is no indication that Defendant continued to attempt to collect on the debt after receiving that letter. Further, the parties do not dispute that Defendant mailed the VOD Letter to Plaintiff on March 17, 2023, the day after receiving the First Validation Letter [#54-3]. *Def.'s Ex. E, VOD Letter* [#54-5] at 2. This letter included copies of the Consumer Loan Bill, detailing the breakdown of the obligation, as well as a copy of the Promissory Note, Security Agreement, and Disclosure document, which created the obligation and was signed by Plaintiff. *Id.* at 6-14. Although Defendant received a Second Validation Letter on April 11, 2023, it is undisputed based on Plaintiff's own statement that he had received the VOD Letter [#54-5]. *Def.'s Ex. D, Second Validation Letter* [#54-4] at 2-5.

Given the low standard enunciated by the Tenth Circuit in *Maynard v. Cannon*, the Court finds that no genuine issue of material fact exists regarding whether § 1692g(b) was violated. A review of the VOD Letter [#54-5] unequivocally shows that Defendant identified the original loan, i.e., a used vehicle loan for a financed amount of $7,829.62, the original and current lender, i.e., Navy Federal Credit Union, and the current amount remaining on the loan, i.e., $5,596.84. *See* [#54-5] at 2, 13. That is all that was required to comply with the statute.

Plaintiff argues, without legal citations, that the VOD Letter is insufficient because there was "no exchange of value," there was a "lack of contract," and there was a "failure to provide proof of assignment." *Response* [#71] at 3. However, none of these demonstrate that the VOD Letter was insufficient. "[T]he notice and verification provisions

7

of § 1692g are not designed to function as civil discovery or a mechanism to identify and resolve disputes" over who owns the debt and whether the debt is actually owed. *Huckfeldt v. BAC Home Loans Serv., LP*, No. 10-cv-01072-MSK-CBS, 2011 WL 4502036, at *7 (D. Colo. Sept. 29, 2011), *declined to follow on other grounds by Obduskey v. Wells Fargo*, 879 F.3d 1216, 1220 (10th Cir. 2018). In other words, the debt collector is not required to "resolve the ultimate validity of the debt" and "may reasonably rely on a creditor's representations, even if the creditor is in error." *Mayall v. Randall Firm, PLLC*, No. 1:13-cv-00166-TC, 2019 WL 4696283, at *4 (D. Utah Sept. 26, 2019); *see also Philhower v. Express Recovery Servs., Inc.*, No. 2:12-CV-01193-DN, 2014 WL 692908, at *7 (D. Utah Feb. 21, 2014) ("[A] consumer's claim not to owe a debt does not alone make it unreasonable for a debt collector to rely on a creditor's representations regarding the validity of the debt."). Moreover, a debt need only be verified once. *See, e.g., Kirby v. White*, No. 15-CV-034-JHP-TLW, 2016 WL 7495815, at *8 (N.D. Okla. Dec. 30, 2016) ("A debtor cannot forestall collection efforts by repeating the same unsubstantiated assertions and thereby argue the debt is 'disputed,' because it would make debts effectively uncollectable.").

In short, Plaintiff has failed to present evidence creating a genuine issue of material fact regarding whether Defendant failed to timely and adequately verify the underlying debt. Accordingly, the Court **recommends** that the Motion [#54] be **granted**.

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that Motion [#54] be **GRANTED**, that judgment be entered in favor of Defendant on Plaintiff's sole remaining claim, and that this case be **CLOSED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.1996).

Dated: February 11, 2025                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

9